| | |
|---|---|
| United States of America, | Cr. File No. 12-283 (PAM/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| 01– Gordon Lamarr Moore, | |
| 05 – Tierra Samantha Catrina House, | |
| Defendants. | |

This matter is before the Court on objections to the January 9, 2013, Report and Recommendations ("R&R") issued by Magistrate Judge Franklin L. Noel on the above-captioned Defendants' Motions to Suppress. The Court reviews de novo a magistrate judge's decisions on dispositive issues. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). The Court's review of decisions of the Magistrate Judge on nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law. D. Minn. L.R. 72.2(a). Based on a review of the record and the submissions of the parties, the Court adopts the R&R relating to Defendant Tierra House and respectfully overrules the R&R relating to Defendant Gordon Moore. The Court will not repeat facts not in dispute.

**DISCUSSION**

**A.      Tierra House**

Defendant House objects to the R&R's conclusion that she was not in custody at the time she spoke with Government agents Kelly Petricka and Barry Bouchie. (R&R (Docket No. 98) at 5.) The Court agrees with Magistrate Judge Noel that Petricka and Bouchie were

not required to advise House of her <u>Miranda</u> rights because she was not in custody during their conversation on October 14, 2011.  The facts establish that House was free to leave at any time during her conversation with the agents; indeed, when the discussion ended, House simply opened the car door and left.  House's objection is denied.

## B.  Gordon Moore

In the R&R, Magistrate Judge Noel concludes that the Government violated the Fourth Amendment in the search of 4895 Ashley Lane, Apt. 234, and that any evidence seized pursuant to that search should be suppressed.  The Court agrees that the process of securing the underlying search warrant and the contents of the search warrant affidavit are both flawed.  Based on the testimony of West St. Paul Police Officer Thomas Steffen at the suppression hearing, the investigation leading up to the warrant seems to have been haphazard at best.  There is nothing in the record that establishes how Steffen or his fellow officers actually connected Moore to the apartment on Ashley Lane.  The officers linked a black Yukon to the apartment by talking with the property manager for the apartment complex, but it is unclear whether the manager disclosed Moore's name.[1]  (Hr'g Tr. (Docket No. 100) at 86-87.)  The Yukon, which the property manager tied to the occupant of the apartment, is not registered in Moore's name.  Yet, in his search warrant affidavit, Steffen stated that "Gordon Lamarr Moore . . . [is] the  owner of the black Yukon.  (Gov't Ex. A

---

[1] The Yukon was first connected to the case through witness John Clark, who sparked the investigation.  Clark told police that he sold stolen identification to a man called "Lucky," who drove a newer black Yukon.  Clark also told police that his meetings with Lucky had taken place at an apartment on Ashley Lane.

(Docket No. 86-1) at 1.) Steffen testified that he ran the Yukon's plates and that the registered owner was someone other than Moore. (Hr'g Tr. at 79.) It is unclear, however, when Steffen ran the plates.[2] If he did so before seeking the search warrant, then his affidavit was knowingly false. If he ran the plates after the court issued the warrant, then the information he provided to the court was based on an assumption (perhaps coupled with the intent to mislead), rather than an established fact. Either way, the Court is troubled by Steffen's affidavit and the underlying investigation as set forth in the record.

Although these infirmities support Magistrate Judge Noel's conclusion that the search was of questionable constitutional validity, the Court concludes that Moore lacks standing to challenge the constitutionality of the search. There is nothing in the record establishing that Moore lived in or had control over the apartment in question. The law is clear that "Fourth Amendment rights may not be vicariously asserted." United States v. McCaster, 193 F.3d 930, 933 (8th Cir. 1999). "In order to show a legitimate expectation of privacy in the searched premises, the person challenging the search has the burden of showing both a subjective expectation of privacy and that the expectation is objectively reasonable; that is, one that society is willing to accept." Id. The Eighth Circuit recognizes several factors that are relevant to this showing: "whether the party has a possessory interest in the things seized

---

[2] It does not appear that events unfolded so quickly that Steffen did not have time to determine the Yukon's owner before submitting the affidavit. Steffen interviewed Clark in March or April 2009, and the search warrant affidavit is dated May 4, 2009. (Gov't Ex. A at 2-3; Hr'g Tr. at 88-89.) Steffen certainly had time to run the Yukon's plates prior to submitting his affidavit.

or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party had a key to the premises." Id.

Moore has failed to meet his burden of establishing his privacy interest in the apartment. Instead of presenting affirmative evidence establishing that he was indeed the lessee of the apartment or that he resided there, Moore relies solely on Steffen's statement in his affidavit that "Moore . . . live[s] at 4895 Ashley Ln #234." (Gov't Ex. A at 2.) As noted, the affidavit is of dubious veracity, which limits its use for this purpose. Moreover, the record before the Court does nothing to tie Moore to the apartment.[3] In fact, the record shows that Moore's identification found at the apartment bore a different address. (Hr'g Tr. 62-63.) Moore may have an interest in his identification and other possessions belonging to him (an argument he apparently did not raise), but he has not established that he had a privacy interest in the apartment itself. For this reason, the Court concludes that Moore lacks standing. Consequently, the Court must overrule the R&R's conclusion that the search violated Moore's Fourth Amendment rights.

---

[3] The record does not establish how the Government even learned of the name Gordon Lamarr Moore prior to the warrant's execution.

**CONCLUSION**

For the foregoing reasons, and on all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The Report and Recommendation as to Defendant House (Docket No. 98) is **ADOPTED**; and

2.  The Report and Recommendation as to Defendant Moore (Docket No. 97) is **ADOPTED in part and OVERRULED in part** as set forth above.

Dated: <u>February 11, 2013</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge