UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                        Cr. File No. 12-283 (PAM/FLN)

             Plaintiff,

v.                                                                **ORDER**

01– Gordon Lamarr Moore and
04– Shanell Collette Brewer,

             Defendants.

---

This matter is before the Court on the Government's Motions in Limine, Defendant Gordon Lamarr Moore's Motion in Limine, and the Government's Notices relating to evidence and expert witnesses.

**A.**     **The Government's Motions/Notices**

        **1.**     **Moore's Prior Conviction**

The Government first seeks to introduce evidence of Moore's prior conviction in 2000 for offering a forged check under Fed. R. Evid. 404(b). (Docket No. 140.) Rule 404(b) provides that evidence of other crimes is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) prohibits "only evidence that tends solely to prove the defendant's criminal disposition." United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995). Evidence is admissible under Rule 404(b) if: (1) it is relevant to a material issue; (2) it is proven by a preponderance of the evidence; (3) its probative value outweighs its

prejudicial effect; and (4) is similar to and close in time to the charged offense. United States v. McGilberry, 620 F.3d 880, 886 (8th Cir. 2010).

The Court finds that the 2000 conviction meets the Rule 404(b) factors and therefore will be admitted during trial.

**2.    Charts**

The Government provided notice to Defendants that it intends to introduce charts summarizing records that would be too voluminous to be examined in court. (Docket No. 145.) Consistent with Fed. R. Evid. 1006, the records have been made available to Defendants. The Government states that the records summarized in the charts are admissible under the business records exception to the hearsay rule (Fed. R. Evid. 803(8)), and have been certified by a records custodian (Fed. R. Evid. 902(11)).

The charts will be admitted during trial.

**3.    Expert Witnesses**

The Government has provided notice that it will call Special Agent Scott Larson and Sergeant Investigator Russell Wicklund as expert witnesses. (Docket No. 141.) Defendants have not objected. Larson and Wicklund may provide expert testimony at trial.

**4.    Rule 609 Notice**

The Government has provided notice that it may introduce evidence of certain of Moore's prior convictions under Fed. R. Evid. 609 if Moore testifies or puts his character for truthfulness at issue. (Docket No. 138.) Moore has five prior convictions at issue. Four of

the convictions are more than ten years old and should not be admitted unless their probative value outweighs their prejudicial effect. Fed. R. Evid. 609(b)(1).

The first conviction, for providing false information to police in 1993, is old but clearly bears on Moore's truthfulness and is therefore highly probative. This conviction will be admitted if Moore testifies or puts his character for truthfulness at issue.

The next two convictions are robbery convictions from 1994. These prior convictions are also old, but do not bear on truthfulness. The 1994 convictions will not be admitted at trial.

The next conviction is for offering a forged check in 2000. This conviction, although not recent, does bear on credibility and will be admitted as highly probative.

The last conviction is a 2009 check forgery conviction in Olmstead County. According to the Government, the 2009 conviction involves activity subsumed within the indicted acts. It is admissible under Rule 609 and is also admissible as evidence directly relevant to the alleged conspiracy.

**5.    Business Records**

The Government seeks to streamline the trial by introducing bank and business records via certification under Fed. R. Civ. P. 104(a), 803(6), and 902(11). This would eliminate the need for 70 or more witnesses. The Motion is granted.

B.  **Defendant Moore's Motion**

1.  **Search Warrant**

Moore first argues that the Court should exclude evidence obtained during the search of 4895 Ashley Lane Apt. 234 because the search was unconstitutional. This is the same argument the Court has already rejected twice before. For the reasons already provided by the Court, this aspect of Moore's Motion is denied.

Moore next argues that even if the Court admits the evidence, the Government should be precluded from introducing evidence that Moore lived at the apartment on Ashley Lane, because the Government has taken inconsistent positions on this issue. The Government has clarified that it will not contend that Moore lived in the apartment, but rather that some of Moore's property was in the apartment and seized pursuant to the warrant. As the Government notes, this contention is not at odds with the position it has taken all along. This aspect of Moore's Motion is also denied.

2.  **Larger Conspiracy**

Moore next argues that the Government should be precluded from introducing evidence relating to the Maxwell defendants, because he contends that the Maxwell conspiracy was a separate and independent conspiracy. He does not point to specific evidence he would like excluded. As argued by the Government, there is no question that the conspiracies are related and involved many of the same people. It may well be that certain evidence relates solely to the Maxwell defendants and not to Moore or Brewer, but

4

the Court is unable to make any such determinations in a vacuum. This aspect of the Motion is denied without prejudice subject to objections during trial.

   3.   **Other Convictions**

Moore next seeks to exclude evidence relating to the 2009 Olmstead County conviction for check forgery. As set forth above, that conviction will be admitted.

Moore also seeks to exclude evidence relating to a September 2006 check cashing incident in St. Paul for which he was not charged.[1] Because the 2006 incident occurred during the period of the alleged conspiracy, the Court will allow the Government to introduce evidence relating to the incident at trial.

---

[1] Moore's Motion indicates that the incident took place in August 2006, but the Government clarified that the incident in question actually took place on September 18, 2006, at the Warners' Stellian store in St. Paul.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Motion in Limine (Docket No. 140) is **GRANTED in part and DENIED in part** as set forth above;

2. The Government's Motion in Limine (Docket No. 143) is **GRANTED**; and

3. Defendant Moore's **Motion** in Limine (Docket No. 139) is **DENIED** as set forth above.

Dated: April 2, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge