## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gordon Lamarr Moore,         Cr. No. 12-283 (PAM/FLN)

       Petitioner,

v.         **MEMORANDUM AND ORDER**

United States of America,

       Respondent.

_____

This matter is before the Court on Petitioner Gordon Lamarr Moore's Motion to Correct, Set Aside, or Vacate Sentence under 28 U.S.C. § 2255. For the reasons that follow, the Motion is denied.

**BACKGROUND**

On April 18, 2013, a jury convicted Moore of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. During the trial, Moore absconded, but was later arrested in Wisconsin and returned to Minnesota for sentencing. At sentencing, this Court held Moore accountable for more than $2.5 million in losses and determined that his offense involved over 250 victims, resulting in a guidelines range of 360 months' to life imprisonment. The Court applied a downward variance and sentenced Moore to a 300-month term of imprisonment.

Moore argued on appeal that the Court should have suppressed certain evidence obtained in the search of an apartment that did not belong to him. He did not challenge his sentence or the Court's guideline calculations on appeal. The Eighth Circuit Court of

Appeals affirmed this Court's judgment in all respects. United States v. Maxwell, 778 F.3d 719 (8th Cir. 2015). Moore next filed a petition for writ of certiorari with the United States Supreme Court, which was denied. Moore v. United States, 136 S. Ct. 176 (2015).

Moore now seeks relief under 28 U.S.C. § 2255. He asserts that: (1) this Court erred in determining the amount of loss and number of victims; and (2) his counsel was ineffective for failing to request a full Franks hearing and allegedly failing to file a petition for a writ of certiorari with the United States Supreme Court.

**DISCUSSION**

**A.     Amount of Damages and Number of Victims Claims**

Moore's first claim regarding the amount of loss and number of victims is procedurally barred because it is a nonconstitutional issue that could have been but was not raised on direct appeal. A § 2255 motion is not a substitute for direct appeal; it is simply intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995). Moore cannot, under § 2255, challenge an unappealed error to which no contemporaneous objection was made, unless he can show "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982).

Moore alleges that the "cause" excusing his procedural default is that his counsel was ineffective because he failed to raise these issues on appeal. Counsel is ineffective if performance "fell below an objective standard of reasonableness" and "made errors so serious that counsel was not functioning as . . . guaranteed . . . by the Sixth Amendment."

2

Strickland v. Washington, 466 U.S. 668, 687–88 (1984). A review of the record reveals that Moore's attorney's performance did not fall below the "objective standard of reasonableness." Rather, Moore's attorney made the strategic decision not to include the number of victims and financial loss in order to focus on other issues he deemed more worthy.

Even if Moore's attorney's performance somehow fell below the "objective standard of reasonableness," he "must show that deficient performance prejudiced the defense." Id. at 687. He cannot do so. Six of Moore's similarly situated co-conspirators appealed the number of victims and financial loss used in calculating their sentences. Their arguments were rejected and the Eighth Circuit upheld the rulings of the district court regarding the loss amounts and number of victims. See Maxwell, 778 F.3d at 733-37. This evinces a lack of prejudice and may also provide insight as to why Moore's attorney decided not to pursue the issue on appeal. Therefore, Moore's claim of ineffective counsel regarding the loss amount and number of victims is without merit.

**B.     Ineffective Counsel for not Requesting a Full Franks Hearing Claim**

Moore's second argument regarding his counsel's failure to request a full Franks hearing is also without merit. Although the Eighth Circuit noted that counsel should have requested a full Franks hearing, the appellate court concluded that even if such a hearing had been held "there is little if any likelihood that evidence seized in the warrant search would have been suppressed." Id. At 732. And indeed, this Court determined that Moore lacked any standing to challenge the search at issue, and a Franks hearing would not have

3

changed that result. Thus, Moore's counsel was not ineffective for failing to seek a Franks hearing.

## C. Ineffective Counsel for not Filing a Petition for a Writ of Certiorari Claim

Moore's argument regarding his counsel's alleged failure to file a petition for a writ of certiorari warrants little consideration. The record reflects that a petition for a writ of certiorari was filed on June 19, 2014, and denied on October 5, 2015.

## D. Evidentiary Hearing

The Court need not hold an evidentiary hearing on Moore's claims if his allegations, taken as true, entitle him to no relief or if his allegations are contradicted by the record. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006). Because Moore's allegations are contradicted by the record, the Court declines to hold an evidentiary hearing.

## E. Certificate of Appealability

Finally, in order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether the issuance of a certificate is appropriate, and finds that no issue raised is "debatable among reasonable jurists." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

Therefore**, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 330) is **DENIED**;

2. No evidentiary hearing is required in this matter; and

3. Petitioner's Motion to Amend (Docket No. 341) is **DENIED** as moot.

Dated:  April 7, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
