UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                          Crim. No. 12-283(1) (PAM)

              Plaintiff,

v.                                                                                **ORDER**

Gordon Lamarr Moore,

              Defendant.

---

On November 25, 2019, Defendant Gordon Lamarr Moore moved pursuant to Rule 41(g) to return property seized in relation to his prosecution. (Docket No. 416.) The Court has since converted Moore's Rule 41(g) motion into a civil action for damages. (Docket No. 445); United States v. Bailey, 700 F.3d 1149 (8th Cir. 2012).

The Court set a briefing schedule for a narrow set of issues. First, the Court directed that Moore must submit a pleading setting forth his claim for damages no later than October 2, 2020. (Docket No. 449.) Second, the Court set a discovery schedule on the preliminary matter of the timeliness of Moore's action, with particular attention given to the applicability of the prison mailbox rule. (Docket No. 449.)

Since issuing the scheduling order, the Government has propounded discovery requests concerning the foundation of Moore's property claim and the timeliness of Moore's motion. (Docket No. 452-1.) Moore asserts this discovery is outside the scope of the Court's scheduling order. The Court finds the discovery propounded to be necessary for the resolution of the anticipated motion practice; that is, resolution of the applicability of the prison mailbox rule and the viability of Moore's claim.

Moore asks for an extension of time to respond to discovery. (Docket No. 452.) Moore has explained he is awaiting certain documents from the West St. Paul Police Department and his former attorney, then he will have to review those documents for responsiveness and privilege. Given Moore's proffered explanation, the Court grants a brief extension of the limited discovery in this matter.

Moore also asks for appointment of counsel. (Docket No. 451.) Moore argues that because the statute of limitations on his claims relates to his criminal prosecution, this matter should be considered a continuation of his criminal case affording him a right to counsel. (Docket No. 451.) While Moore's claim for damages is nominally continuing under his criminal case due to statute of limitations concerns, it is nonetheless a civil action for damages. Bailey, 700 F.3d 1149. There is no constitutional or statutory right to appointed counsel in civil cases. Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013). A court may appoint counsel after considering the factual complexity of the issues, ability of the indigent party to investigate facts, existence of conflicting testimony, ability of the indigent party to present the claims, and complexity of the legal arguments. Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). The factual and legal issues are not complex: the parties must determine the factual circumstances of the mailing of Moore's motion and the valuation of Moore's property. While Moore is incarcerated, his filings clearly indicate an ability to present his claims to the Court and an understanding of how he to investigate his claims and facts related thereto. As such, appointment of counsel is not warranted at this time.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant Gordon Lamarr Moore's Motion for Appointment of Counsel (Docket No. 451) is **DENIED without prejudice**.

2. Defendant Gordon Lamarr Moore's Motion for a Stay of Proceedings and/or For an Extension of Time (Docket No. 452) is **GRANTED IN PART and DENIED IN PART**. The following amended schedule will govern as follows:

   a. Defendant Gordon Lamarr Moore shall submit a pleading setting forth his claim for damages no later than **October 16, 2020**;

   b. All discovery concerning the timeliness of Moore's claim, including when Moore actually mailed his initial Rule 41(g) motion, the mailing practices at FCI–Pekin, and any other information necessary to determine the applicability of the prison mailbox rule shall be completed no later than **November 13, 2020**;

   c. Any dispositive motions aimed at Moore's action shall be due on or before **December 11, 2020**; any response thereto is due on or before **January 8, 2021**; and any reply is due on or before **January 22, 2021**.

   d. No further extensions will be granted.

Dated: September 16, 2020          *s/ Paul A. Magnuson*
                                   Paul A. Magnuson
                                   United States District Court Judge